UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE DUVAN HOLGUIN LEMUS,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER CHESTNUT, *et al*.,<br><br>Respondents. | Case No.  1:26-cv-05109  (VC)<br><br>**ORDERING GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>Re: Dkt. No. 1, 2 |

Petitioner filed the instant Petition for Writ of Habeas Corpus (Dkt. No. 1) and a Motion for Temporary Restraining Order (Dkt. No. 2) seeking release from the custody of U.S. Immigration and Customs Enforcement ("ICE"). The petition raises claims that are functionally identical to those this Court, and many others within this district, have already addressed in prior orders. Fleeing Columbia, Petitioner entered the United States on January 10, 2025, and was taken into custody by the Department of Homeland Security ("DHS"). Dkt. 1 No. ¶ 14. On January 16, 2025, Petitioner was served with a Notice to Appear charging him with inadmissibility under INA § 212(a)(6)(A)(i). *Id*. ¶ 15. The following day he was enrolled in the Alternative to Detention Program and released from custody on his own recognizance. *Id*. Following his release, Petitioner claims that he has tried to comply with his reporting requirements, even though it has become difficult in the past two months, including same-day notice for home visits, and requirements to check in at the ICE reporting office multiple times per week. *Id*. ¶¶ 18–19. ICE, however, never notified Petitioner of any compliance violations. *Id*. ¶ 20.  Petitioner was arrested and detained by ICE when reporting to a scheduled ICE check-in. *Id*. ¶ 21.

Many prior orders within this district are dispositive on the issues raised in the Petition and motion for a temporary restraining order. *See, e.g.*, *Alauddin v. Chestnut*, No. 1:26-CV-03541 (AMO), 2026 WL 1346863 (E.D. Cal. May 14, 2026); *Ozturk v. Lyons*, No. 1:26-CV-03484 (VC), 2026 WL 1354540 (E.D. Cal. May 14, 2026); *Zheng v. Warden*, No. 1:26-CV-03533 (EJD), 2026 WL 1354477 (E.D. Cal. May 14, 2026); *Jose E.S.M. v. Warden, California City Immigr. Processing Ctr.*, No. 1:26-CV-04100-MWJS, 2026 WL 1537215 (E.D. Cal. June 1, 2026); *Estevez v. Warden*, No. 2:26-CV-00778-JLT-EPG, 2026 WL 905120 (E.D. Cal. Apr. 2, 2026). For the reasons stated in those cases, Petitioner is entitled to relief. Respondents did not provide Petitioner with notice and an opportunity to be heard, as required by the Fifth Amendment Due Process Clause, prior to revoking his release. Petitioner has a clear liberty interest in his continued release. *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Applying the balancing test described in *Mathews v. Eldridge,* 424 U.S. 319 (1976), and for the reasons identified in the Courts' prior orders, the Court finds that Petitioner has a substantial private interest in maintaining his out-of-custody status, the risk of erroneous deprivation here is considerable, and Respondents' interest in detention is low as the effort and costs required to provide Petitioner with procedural safeguards are minimal.

On July 6, 2026, the Court issued an order to show cause on the motion for a temporary restraining order directing Respondents to identify any factual issues which distinguish this case from the Courts' prior orders. Dkt. No. 5. Respondents filed an opposition on July 8, 2026, noting that "there does not appear to be any substantive factual or legal issues in this case that materially distinguish it from the cases identified in the Order." Dkt. No. 6 at 2. Both parties indicated in their briefing that they would prefer that the Court resolve both the motion and the underlying petition on the current briefing. *See id*.; Dkt. No. 7 at 2.

Accordingly, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus (Dkt. No. 1) is GRANTED, for the reasons stated in those prior orders identified in the Court's order to show cause. Respondents are ORDERED to immediately release Jose Duvan Holguin Lemus from their custody. Respondents shall not impose any additional restrictions on

2

Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing. Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing. At any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have his counsel present. This order does address detention if Petitioner becomes subject to a final order of removal.

The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

**IT IS SO ORDERED.**

Dated: July 10, 2026

_____

VINCE CHHABRIA
United States District Judge